MOFANTHE REALTY Co., INC., Plaintiff, *v.* " JOSEPH " COHEN and Eighteen Other Tenants of Premises 671 East One Hundred and Fifty-Eighth Street, Bronx, New York City, Defendants.

(Municipal Court of the City of New York, Borough of Bronx, Second District, November, 1920.)

Landlord and tenant — when landlord entitled to rent deposited with clerk of the court — Laws of 1920, chap. 944, § 6.

Where the defense in separate actions brought against the respective tenants of a dwelling house in the city of New York to recover rent for the month of October, 1920, is that the amount demanded is unreasonable and oppressive and all the tenants have, pursuant to section 6 of chapter 944 of the Laws of 1920, deposited with the clerk of the court the amount paid as rent during the preceding month, the only issue is whether the plaintiff is entitled to the increased rental, and its motion for an order that the amounts so deposited be paid to it or its attorney without prejudice, will be granted on condition that plaintiff file a stipulation not to institute actions for rent for succeeding months until a final adjudication of the present actions is made.

ACTION for rent.

Municipal Court of New York, November, 1920.   [Vol. 113.

Bernard S. Deutsch (I. Maurice Wormser, of counsel), for plaintiff.

Isador Silver, for defendants.

Robitzek, J.   The plaintiff has brought eighteen actions against the respective defendants herein, who are tenants in the premises at No. 671 East One Hundred and Fifty-eighth street, Bronx, New York city, owned by the plaintiff, for the rent of the premises for the month of October, 1920. The answer of the defendants sets up the defense of unreasonableness and oppressiveness.   The defendants actually offered to the plaintiff the sum of $659 before the commencement of these actions, and all the tenants have deposited with the clerk this sum, being the amount of rent paid previous to October.   These rents have been deposited pursuant to chapter 944 of the Laws of 1920, section 6.

The present motion is brought for an order directing the clerk of this court to pay over to the plaintiff or its attorney the amounts deposited by said defendants as aforesaid, said order to be without prejudice to any of the rights of the respective parties hereto.

It is provided in chapter 944 of the Laws of 1920, section 6, that if the defendant in an action for rent contests the fairness and reasonableness of the amount demanded, " he must at the time of answering deposit with the clerk such a sum as equals the amount paid as rent during the preceding month. * * * If the defendant fails to make such deposit the court shall strike out the denial or defense raising such issue."

The purpose of this statute is clear. If the defendant takes advantage of the privileges granted to him under this act, he must deposit with the clerk of the

court an amount of rent equal to the rent paid for the preceding month.

The defendant, in paying this money to the clerk, concedes that this amount of rent, at least, is due. The only issue which arises after the deposit of this amount is as to whether the plaintiff is entitled to an increased rental. The reason for requiring the deposit of the rent with the clerk is obvious. The law requires that the answer be filed, and as a condition to permitting that the answer be filed in the form permitted, it requires that the old rent be paid.

The money paid to the clerk is really tendered to the landlord. The defendant has no further interest in the money once it is deposited. He does not expect to get that money back, nor can he. In any event, and no matter what happens to the case, the landlord is absolutely entitled to the money so deposited. If it is finally determined that he is not entitled to any increased rent, he is at least entitled to the rent deposited. The only issue to be litigated is what, if any, should be the amount of increase of rent.

In the Code of Civil Procedure, relating to tenders, it is provided that " if the plaintiff takes out the amount paid in, he accepts the tender."

And it is provided further, in section 734, that if the plaintiff proceeds in the action after accepting the tender, the sum accepted is deducted from the recovery, and judgment is rendered for the residue.

It is therefore readily seen that, even under the strict rules relating to tender, the plaintiff has always been entitled to take out the money tendered by the defendant and to proceed to trial to recover whatever balance he may deem due.

It is also provided in section 6 of chapter 944 of the Laws of 1920 that the moneys deposited " shall be applied to the satisfaction of the judgment ren-

dered or otherwise disposed of as justice requires.'' The court is thus given power in any event to direct the moneys deposited to be paid over to the plaintiff, if the justice of the case so requires.

The expenses of maintaining the house, furnishing light, heat, water and making necessary repairs, etc., are borne by the landlord through the issues or profits of the land, which in this case are rents. Without these rents the plaintiff can do nothing. The house must necessarily fall into disrepair. Taxes cannot be paid. Interest cannot be met.

If he is denied the right to obtain the money deposited, it is very likely he is placed at a great disadvantage, with a possible loss of his property.

The payment of the moneys deposited to the plaintiff would permit him to meet his obligations; to pay taxes, which have become a lien on November first; to pay his interest on mortgages; to pay for coal and other necessary things. If he is not permitted to withdraw these moneys from court the taxes will become overdue, and plaintiff will be fined additional interest.

The intent of the legislature in requiring such deposits to be made is manifest from a reading of the statute. The legislature required such deposits to be made for the protection of the landlord. It required such deposits to be made as a condition precedent in order to entitle the tenant to have the landlord file a bill of particulars of his income and expenses.

In my opinion justice requires the payment of these rent deposits to the landlord.

However, I am mindful that in granting this motion it may enable the plaintiff to resort to a multiplicity of suits. To avoid this the motion will be granted upon condition that the plaintiff within five days file his consent with the clerk of this court, stipulating that he will not institute any actions for rent for succeed-

ing months against these defendants until a final adjudication of these actions is made, if payment of rent equal to deposit made herein is paid to him accordingly. Said payment and receipt of rent to be without prejudice.

Ordered accordingly.